# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| RAYMOND JOSEPH EVA,<br><br>     Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN,[1]<br><br>     Respondent. | CV 26-67-BU-WWM<br><br>ORDER |

This matter comes before the Court on an application seeking a "writ of structural error" filed by state pro se prisoner Raymond Joseph Eva ("Mr. Eva"). (Doc. 1). While Mr. Eva's filings indicate that he is not challenging his present conviction, (Doc. 1 at 1); *see also*, (Doc. 5), he goes on to allege that structural errors occurred in conjunction with his underlying state criminal matter, *State v. Eva*, Cause No. DC-03-187. (Doc. 1 at 2).

Structural errors are those that "are so intrinsically harmful as to require automatic reversal (i.e.- 'affect substantial rights') without regard to their effect on the outcome." *Neder v. United States*, 527 U.S. 1, 7 (1999), *citing Chapman v. California*, 386 U.S. 18, 23 (1967). The Supreme Court has recognized a narrow

---

[1] In his filing, Mr. Eva named the State of Montana as the Respondent. In a habeas proceeding, however, the respondent must be the warden of the facility where the petitioner is held. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The Court has James Salmonsen, the Warden of the Montana State Prison, as the proper respondent.

class of errors that qualify as structural errors so serious and fundamental that they "defy harmless error analysis." *Arizona v. Fulminate*, 499 U.S. 279, 309-310 (1991).

The cases in which the Supreme Court has found a structural error are few in number and involve egregious violations of defendants' rights that undermined the integrity of the proceedings. *See e.g., Sullivan v. Louisiana*, 508 U.S. 275 (1993) (defective reasonable doubt instruction); *Vasquez v. Hillery*, 474 U.S. 254 (1986) (racial discrimination in selection of grand jury); *Waller v. Georgia*, 467 U.S. 39 (1984) (denial of public trial); *McKaskle v. Wiggins*, 465 U.S. 168 (1984) (denial of self-representation at trial); *Gideon v. Wainwright*, 372 U.S. 335 (1963) (complete denial of counsel); *Tumey v. Ohio*, 273 U.S. 510 (1927) (biased trial judge). Mr. Eva provides no federal authority, and the Court is aware of none, that creates an independent writ as an avenue to challenging structural error. Of the cases cited above, *Hillery*, *Wiggins*, and *Gideon,* all were filed pursuant to the federal habeas statutes. The remainder proceeded to the Supreme Court in the normal course of appellate review. None involved a "writ of structural error."

As explained below, Mr. Eva is in custody of the Montana State Prison under a state judgment of conviction and subsequent revocation. Thus, a habeas proceeding under 28 U.S.C. § 2254 is the only potential avenue for federal relief.

2

Accordingly, Mr. Eva's filing will be construed as a petition for habeas relief under § 2254.

## I.    Motion to Proceed in Forma Pauperis

Mr. Eva seeks leave of Court to proceed in forma pauperis. (Doc. 2). His inmate account statement shows that he may not be able to afford the costs associated with this action, *see* (Doc. 2-1), accordingly, the motion will be granted.

## II.    Analysis

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(b)(1),(2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted).

The pending petition is the fourth federal petition that Mr. Eva has filed. In 2004, he pled guilty to two counts of Sexual Assault and two counts of Sexual Intercourse Without Consent in Montana's Second Judicial District, Butte-Silver Bow County. Mr. Eva was sentenced to a thirty-year prison term with twenty of the years suspended on each count, with the sentences to run concurrently.

3

Mr. Eva sought to challenge his state convictions in this Court. His initial petition was dismissed without prejudice based upon his failure to exhaust his state remedies. *Eva v. State of Montana*, No. CV 05-14-BU-CSO-SEH, Ord. (D. Mont. filed Feb. 17, 2005). Mr. Eva's second federal petition was dismissed with prejudice as procedurally barred. *Eva v. Attorney General*, No. CV 06-43-BU-RFC, Ord. (D. Mont. filed May 25, 2007).

After serving nine years in prison, Mr. Eva discharged his custodial sentence and began serving the suspended portion of his sentence on probation. A report of violation was filed and, following a revocation hearing in March of 2016, Mr. Eva was found to be in violation of the terms of his sentence. His sentence was revoked.

Mr. Eva filed a petition for postconviction relief in state district court. The petition was dismissed based upon a failure to state a cognizable claim. He appealed and the Montana Supreme Court affirmed the lower court. *Eva v. State*, DA 17-0187, 2018 MT 11N (Mont. Jan. 18, 2018).[2]

Mr. Eva then sought habeas relief in the Montana Supreme Court, arguing that his revocation sentence offended the Double Jeopardy Clause of the Fifth Amendment. The Montana Supreme Court denied relief and found that the 2016

---

[2] All state court briefing and opinions are available at the Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/search (accessed July 7, 2026).

sentence did not violate Mr. Eva's right to be free from double jeopardy. *Eva v. O'Fallon*, OP 18-0141, (Mont. March 20, 2018).

Mr. Eva then filed a federal habeas petition challenging the revocation sentence. This Court considered the merits of his claims and ultimately denied relief. *Eva v. O'Fallon et al.*, No. CV 18-32-BU-DLC-JCL, Ord. (D. Mont. Sept. 10, 2018).

Mr. Eva's present federal habeas petition must be dismissed. His 2016 judgment of conviction, imposed upon revocation of his underlying 2004 sentence, represents the only state criminal proceeding for which he may seek review. No matter how Mr. Eva has tried to appeal or modify the underlying sentence and the corresponding revocation sentence, the intent of his repeated actions in this Court has been to affect the outcome of his state criminal proceedings. That is the purpose of his instant filing. This Court lacks jurisdiction to consider any further challenges to his 2016 revocation judgment or any purported "structural error" that occurred in the underlying criminal proceedings.

Mr. Eva must persuade the United States Court of Appeals for the Ninth Circuit to permit him to file a successive petition in this Court. 28 U.S.C. § 2244(b)(3); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Until he does so, this Court lacks jurisdiction to hear a second or successive challenge to

5

either Mr. Eva's 2016 revocation sentence or the underlying judgment of conviction.

To the extent that Mr. Eva intends to make any new arguments in a successive petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

## III.   Motion to Appoint Counsel

Mr. Eva has also requested that counsel be appointed to represent him. (Doc. 4). Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Mr. Eva's case is not so complex that his right to due process will be violated if counsel is not appointed. Further, because this Court lacks jurisdiction, Mr. Eva may not proceed with his claims at this juncture. This Order tells him what he must do in order to properly pursue relief. The Court declines to exercise its discretion to appoint counsel.

6

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should be issued as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Eva has not made a substantial showing of the denial of a constitutional right. Further, because this Court lacks jurisdiction to hear a successive petition, reasonable jurists would not find the procedural ruling debatable. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

7

## ORDER

1.      Mr. Eva's Petition (Doc. 1) is DISMISSED with prejudice as an unauthorized successive petition.

2.      Mr. Eva's motion to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

3.      Mr. Eva's motion to appoint counsel (Doc. 4) is DENIED.

4.      The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner.

5.      A certificate of appealability is DENIED.

DATED this 5th day of August, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE

8